CLD-092                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3736
_____

JOSE SERRANO-ARIAS,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A205-829-261)
Immigration Judge:  Charles M. Honeyman

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 16, 2020
Before:  JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 23, 2020 )
_____

OPINION[*]
_____

PER CURIAM

Jose Serrano-Arias petitions for review of an order of the Board of Immigration

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appeals (BIA) denying his motion for reconsideration. The Government has filed a motion for summary disposition. We will grant the motion and deny the petition for review.

I.

Serrano-Arias, a Mexican citizen, entered the United States in 2001. In 2013, he was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(ii) because he had entered the country without being admitted or paroled. Serrano-Arias conceded removability but applied for cancellation of removal under 8 U.S.C. § 1229b(b). An Immigration Judge (IJ) denied relief, concluding that Serrano-Arias failed to show that he was eligible for cancellation of removal. On April 25, 2018, the BIA affirmed the IJ's decision and dismissed Serrano-Arias's appeal. He did not petition this Court for review of that ruling.

On October 20, 2019, Serrano-Arias filed a motion for reconsideration with the BIA.[1] He argued that, in light of the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018), he could now establish eligibility for cancellation of removal. The BIA rejected this argument and denied the motion for reconsideration.

Serrano-Arias timely filed a petition for review. The Government now moves the Court for summary disposition of the petition.

II.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's decision

---

[1] The BIA deemed the motion timely.

denying reconsideration for abuse of discretion.  See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).  The purpose of a motion to reconsider is to "request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked."  Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012); see also 8 C.F.R. § 1003.2(b)(1).  Summary action is appropriate if there is no substantial question presented in the petition for review.  See 3d Cir. L.A.R. 27.4; 3d Cir I.O.P. 10.6.

III.

In his motion for reconsideration, Serrano-Arias asked the BIA to reexamine its decision affirming the IJ's determination that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b).  Pursuant to § 1229b(b), a nonpermanent resident is eligible for cancellation of removal if he: (1) has been physically present for a continuous period of not less than ten years; (2) has been a person of good moral character during that time; (3) has not been convicted of certain enumerated criminal offenses; and (4) demonstrates that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or a lawful permanent resident.  8 U.S.C. § 1229b(b)(1)(A)-(D).  Serrano-Arias told the Board that the IJ denied relief in part because he had failed to meet the continuous-physical-presence requirement.  Serrano-Arias argued that the IJ's ruling in this regard, as affirmed by the BIA, has been called into question by the Supreme Court's decision in Pereira concerning the "stop time" rule applicable to the continuous-physical-presence requirement.

3

Contrary to Serrano-Arias's contention, however, the IJ did not deny his cancellation-of-removal application because he failed to satisfy the continuous-physical-presence requirement.  Rather, the IJ denied the application because he failed to satisfy a separate requirement—that his removal would result in "extremely unusual hardship" to his citizen children.  Therefore, the Supreme Court's decision in Pereira is irrelevant to his case.  Because Serrano-Arias did not allege any other errors of fact or law in his motion for reconsideration, the BIA acted within its discretion in denying relief.

In response to the Government's motion for summary disposition, Serrano-Arias challenges that BIA's April 25, 2018 decision affirming the IJ's denial of his application for cancellation of removal; specifically, he argues that the BIA erred originally in affirming the IJ's hardship findings.  Serrano-Arias did not, however, timely petition this Court for review of the BIA's April 25, 2018 decision.  Therefore, we lack jurisdiction to review it.  See Stone v INS, 514 U.S. 386, 405-06 (1995).

IV.

Because the petition for review does not present a substantial question, we will grant the Government's motion for summary disposition and deny the petition for review.

4